Judge Owsley
delivered the opinion of the court.
Some time early in 1801, the appellant purchased from a certain John Bell, who acted as the agent of his father, William Bell, a tract of land in Barren county, and having obtained from the agent a deed of conveyance, he settled upon the land, and made lasting and valuable improvements.
Whilst the appellant was thus possessed of the land, buf after the appellee’s husband, . William Bell, had departed this life, she, asserting title in her own right, brought suit, and finally succeeded in recovering the land.
To obtain compensation for his improvements, the appellant then brought this suit in equity, but the court being of opinion, his claim couldnot be sustained, dismissed his bill with costs; and from that decree the appellant has appealed to this court.
As the labor bestowed in improving the land, is sqnk iq t¡le ¡anc] an¿¡ was not done at the appellee’s request, it is plain? that she cannot, upon any common* law proceeding, be subjected to the appellant’s claim for compensation,
Jfor have we been able to find any adjudged case, where the English courts of equity have, under such circumstan-decided upon the right to compensation; but regard-¡ng courts of equity in supplying the defects of the common j being governed bv the principles of natural justice, «1 the absence oi all precedent, we should have no hesitation in relieving the possessor for improvements made upon ⅛6 land, whilst he bona fide considered it his own. The possessor, by bestowing his money and labor in meliorating the land, advances its value, and, consequently, the rightful owner, unless liable to the claim of compensation, is so much gainer by the less of the possessor; contrary to the-piaxim, nemo debit locuplctari aliena jactara?.
But to bring himself within the. influence of this principle, it is not enough, that the possessor shews himself'to have meliorated the land, but his money and labor must be bestowed, under an honest conviction of his being th% riglitful owner of the land. For, if he takes possession without title, and knowing the land belongs to another, he ⅛ himself guilty oí\ a wrong, and although he may have expended his money, and bestowed his labor, his claim for compensation, ought not to be sanctioned by a court-of *247 equity; but in such a case the maxim, volunii non fit inju<■ ria, Well applies.
Wickliffe for appellant, Hughes for appellee.
As in the present case, therefore, the appellant is shewn to have had a perfect knowledge of the appellee’s title, and was advised of the consequences of a purchase from the agent of William Bell, before he made the purchase, he cannot be viewed in the favorable attitude of a bona fide possessor, so as to warrant the decree of a court of equity in his favor, for improvements made upon the land.
The decree of the court below, dismissing his bill, is, consequently, correct, and must be affirmed with cost.