Judge Robertson
delivered the opinion of the Court.
1st 1791, John Lyon sold to Joseph Cogwell, 80 acres of land, and gave his bond for the conveyance of the legal title to him, on the payment of the whole of the consideration.
Cogwell settled on the land, paid the whole, price and died, leaving his heirs in possession.
Hanway and others, claiming adversely to Lyon’s claim, recovered a part of the 80 acres, by a decree in a suit in chancery, brought against Lyon and Cog-well’s heirs.
Afterwards, in 1812, Cogwell’s heirs instituted their suit in chancery against the heirs of Lyon, (he having,in the mean time, died,) fora specific execution of the contract of sale by Lyon to Cogwell, for so much of the 80 acres as had not been recovered by Hanway, etal. and for damages equivalent to so much as had been lost. They allege the payment of the entire consideration; that no title had ever been made to their ancestor orto themselves, for any part of the land; that there were no assets in the hands of the personal representatives of Lyon, and that he had, in his lifetime, fraudulently conveyed his real estate to his son John L. Lyon, who, together with the other heirs, and the personal representatives of John Lyon, deceased, were made defendants.
The personal representatives admit, in their answer, that they have no assets. Two of the heirs *39 admit they had received some very trifling presents from their father, and John L. Lyon insists that the conveyance to him of the real estate, vVas bona fide, and valid against creditors.
Decree, against some of pay wh,oieot their ad-yanc.eménts, debt <4 decedent, and that others pay only part of their adj^erroneoiw
Decree, a-should be™’ joint, tor whole can't, of ^ateachnC,t heir Pay a specific portion thereb^cred ¡tor mfght lose by insol-of““ 0 em'
The circuit court decreed a conveyance by Lyou’s heirs to Cogwell’s, of the land which had not been recovered by Hanway, &c. and having declared the deed to J. L. Lyon, fraudulent,and directed an inquiry to ascertain the damages for the lost land,' decreed $29b 84 cents, in favor of the heirs of Cogwell, (that being the amount of the consideration, without interest, for the quantity lost,) to be paid by the heirs individually, in the following proportions^ to-wit: ,$30 by one, $60 by another, and thfi remainder by J. L. Lyon.
To reverse this decree, Cogwell’s heirs prosecute this writ of error.
As between the heirs of Lyon, the decree is anomalous and strikingly unjust, those to whom the small advancements were made, supposed to be worth $30 and $60, should not have been directed to pay the total values of their advancements, whilst J. L. Lyon, who received the whole real estate, was directed by the decree, to pay only a small part of its value.
But the heirs have not complained, and, therefore, this error in the decree cannot be noticed otherwise Ihan as it may affect the plaintiffs in error. So far as the plaintiffs are affected, there is error in the decree. _
The decree should have been joint for the whole amount; otherwise, if any one of the heirs be insolvent, the plaintiffs will lose the amount decreed against him, and it ought to have subjected the land conveyed to J. L. Lyon. After decreeing that the conveyance to him was void, as to the creditors of his father, it was not proper to leave the land in this condition, and render a decree against J. L. Lyon personally. The appropriate decree would have been the subjection of the land, to the payment of the damages. Yoder vs, Standiford, YO,-Monroe, 478.
.Decree, against heir, •that conveyance to him, fey decedent, is fraudulent against creditors, should, also, subject land to payment of debt, and not compel heir personally to pay debt;
Generally, som,e interest should be allowed to ven-dee, where land covenanted to be cenveyed to him, has been lost by title. At law, measure of recovery, is value of land at date of sale, that is, consideration paid and interest from date of contract.
Where ven-dee in pos-non has been evicted, mea-sureofdama-tton paid, & Syean'inte-“est tl!eteoIi-Where vfea-’been evicted even at law, ilR‘ir rD‘ay allow him 5 years intéreat or not
*40 it is satisfactorily shown, that the whole consideration had been paid* and that the conveyance to J. L. Lyon was colorable,, and voidable by the creditors of his father. But after decreeing, as the court rightfully did, that the conveyance was invalid, it ought to have subjected the land to the payment of the damages, iñ a joint decree against all the heirs.
As a general rule, some interest ought to be allowed in such a case. The doctrine of this court is, that, at law, the measure of recovery should be the value at the date of the sale, or in other words, the consideration, with legal interest upon' it, from the date of the contract.
The doctrine of the supreme court of New-Yórk, is, that the proper criterion is, the consideration and six years interest, if the vendee shall have enjoyed the possession longer than six years. See Staats vs. The executors of Tenlyck, III. Caines, 111; Caulkin vs. Harris, IX. Johnson, 324; Bennet vs. Jenkins and others, XIII. 1b. 60. Such also, has been the decision of many other courts.
The reason assigned in support of this doctrine,- is two fold: 1st. If the occupant shall recover interest on the value of the land, when he has received the equivalent of that interest, in the use of the land, he will have received and his vendor will have lost, more than the value of what was given for it: But, 2d, As the occupant is liable to the evictor for mesne profits, for six years proceeding the eviction, for that period, he should be entitled to interest on the consideration which he paid for the land.
Whether the principle settled by this court is universal in its application, to all cases at law, or is merely general, and to be restricted to cases in which the vendee had not enjoyed the use of the land at all, or not more than five years, it is not material now to inquire. For whatever conclusion, in this respect, might result from a survey of all the authorities, and a consideration ®f the reasons for adjusting the criterion which this court has established, we feel authorized to say, in equity, the rule laid down in New-York, and in the cases cited as authorities in *41 'be opinions to which we have referred, is just and unexceptionable.
if a jury chan* ceilor should allow nona, If vendee in possession, has not been, and cannot be compelled to aocount for mesne profits, to eviotor, jury should not allow him interest even for five years against 'vendor.
*41 When a party appeals to the conscience of the chancellor, for justice, he should not be allowed to eííáct more than justice. If he shall have been twenty years in the enjoyment of the use of the land, the profits being considered equivalent to the inter-cst on the consideration, he should not retain the value of the use of the land, and also Recover the interest on the price which'he gave for it. This would not be equal and reciprocal justice. As a general proposition, it is plainly just and reasonable, that the vendee, after losing the benefit of his purchase, should be restored to the price which he gave, and its annual interest. But if he shall have already received the interest or its equivalent, in the enjoyment of the profits of the land, he has ño right, in conscience, to compel the vendor to pa'y it again. And surely, if he must have the interest, the vendor should have rents. But in equity, the interest on the price, and the use of the land, are considered equivalent, and, therefore, there need not be any account of the profits, as they should be set off against the interest.
But as the vendee in possession is responsible to his evictor, for five years profit, in this state, he should, for that period, recover interest from the vendor, to continue running until the .final decree shall be rendered.
This seems t© be the rule of equity in such a case, whateVer may be the rule of law. And we cannot say that it is not the rule of law, because this court has decided that, at law, a jury is not bound to give interest. See Handley vs. Chambers, I. Littell’s Reports, 357, and Guthrie vs. Wickliffe, IV. Bibb, 541. The discretion of the jury will, therefore, be governed by the facts.
The jury empannelled by the chancellor, in case, did uat.allow any interest; and we presume two considerations may have induced them ta withhold it. 1st. The longuse of the land by Cogwell. 2d. That they might have supposed that there could be no re *42 covery for mesne profits for five years, as such claim might be barred by lapse of time.
Mills, for plaintiffs; Talbot and Crittenden, for defendants.
They had the discretion to find interest or not, and they chose not to allow it. And, therefore, the court did not err in decreeing the payment of no more than the amount assessed by the jury. If the Cogwells had paid nothing for mesne profits, and could not be compelled to pay any thing, the jury did right to withhold interest, even for five years.
But for the error which has been noticed, the decree of the circuit court is reversed, and the cause remanded for a decree conformable to this opinion.