JORDAN WILLIAMS et al. v. AMANDA M. BURG.

1. SUPREME COURT PRACTICE. Special appeals. It is error to grant a special appeal from a part of a decree declaring the rights of the parties and directing an account, and this court will either dismiss such an appeal or review the decree as upon a broad appeal, correcting errors in appellant's favor as well as against him.

2. COVENANTS. Judicial sales. A covenant of warranty runs with the land and inures to the purchaser at a judicial sale. One who buys

the land at a sale in a vendor's suit, to enforce his lien, may sue the vendor for a subsequent eviction, which constitutes a breach of vendor's warranty to his vendee.

3. SAME. *Warranty. Ejectment. Notice.* When covenantee gives covenantor notice of the institution of suit for eviction, the judgment therein is conclusive upon the covenantor. Thus, where covenantee in an ejectment suit by an adverse claimant, defines the extent of his boundaries and defends under covenantor's deed, and judgment is rendered adjudging that land so claimed by the covenantee is included in covenantor's deed and that the adverse title is superior, such judgment is conclusive upon the covenantor and prevents him from alleging, in a suit upon the covenant, that such land was not included in his deed.

4. SAME. *Same. Form of notice.* No particular form of notice is necessary; if it explicitly and unequivocally notifies the covenantor of the institution of the suit and requests him to aid in making defense, it is sufficient.

5. CHANCERY COURT JURISDICTION. *Damages for breach of warranty.* Chancery Court has jurisdiction of purely legal demands in attachment cases, and since the act of '77, of suits to recover damages for breach of warranty.

6. SAME. *Same. Measure of damages. Costs, but not attorney's fee.* Taxed costs in successsful ejectment suit by adverse claimant, are recoverable by covenantee in suit against covenantor for breach of waranty. Counsel fees are not taxed costs, nor regulated as to amount by law in this State, and sums paid therefor by covenantee for defense in ejectment by adverse claimant, are not recoverable from covenantor.

---

FROM HAMILTON.

---

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

GEO. T. WHITE for complainant.

M. H. CLIFT for defendant.

MCFARLAND, J., delivered the opinion of the court.

This is an attachment bill, in which the principal ground for recovery is an alleged breach of a cove-

Williams v. Burg.

nant of warranty in a deed made by the defendant conveying certain lands to the complainants and others.

The chancellor held that there had been a breach of the covenant to the extent of fifty acres of the land recovered by a paramount title, and that complainants were entitled to recover the purchase money paid, but refused to allow a recovery for the costs and expenses of defending the title, or counsel fees, and referred the cause to the master for an account upon the principles settled. Under sec. 3157 of the Code, the chancellor allowed an appeal to both parties before taking the account, upon their executing bonds. The complainants only complied with this condition, and the cause is here upon their appeal. We have denied the application of the defendants for a writ of error, upon the ground that the decree was not final.

The complainants appealed specially from that part of the decree denying their right to recover costs, counsel fees, and expenses incident to the suit in which the land was recovered from them, and it is now argued that only these questions can be considered by this court. While for the defendant it is argued that the court may examine the entire case, and counsel propose to show that there is no foundation for any decree against the defendant. This raises the question whether an appeal of this character should be allowed only from special matters complained of, without giving this court jurisdiction to examine the entire case. It was said in *Woods* v. *Cooper*, 2 Heis., 455, that it was competent for a party to appeal from that part of the decree only with which he is dissatisfied, but a

broad appeal brings up the entire case, so as to allow relief to those who do not appeal. To some extent this latter clause of the statement has been modified in other cases, but the modification is not pertinent to the present case.

It is apparent, however, that to confine our consideration to the matters specially appealed from, might lead to inconvenient, not to say incongruous results, in a case like the present. Should we affirm this decree, or modify it in the respects complained of, without enquiring into other questions, and remand the cause for the account, we might, upon another appeal or writ of error by the defendant, be compelled to reverse the decree (which we now affirm) and dismiss the bill, or if not, change the entire principles of the recovery at the end of a tedious and expensive litigation.

It is apparent, therefore, that an appeal from a decree settling principles and ordering an account, ought to bring the entire case to this court, so that the principles settled by this court should not again be enquired into by either party; and we should, there- fore, dismiss this special appeal as improperly granted, or treat it as bringing up the entire case. The latter we regard as at least the most convenient course for the parties, and will, therefore, examine the entire case. By this, however, we do not mean that in all cases we will look beyond the matters specially appealed from.

It is first maintained for the defendant that the complainants are not entitled to the benefit of the cov-

enant sued upon.    The deed containing the covenant
was executed to five persons, conveying them the lands.
The conveyance was subject to a lien for unpaid pur-
chase money, and a bill was subsequently filed and
the lien enforced by a sale of the land.    Two of the
purchasers had died, and at the sale the three survi-
vors and a widow of one of the deceased parties be-
came the purchasers, and the sale was confirmed and
the title vested.    The purchasers at this latter sale
are the complainants.

It is argued, that as they acquired their present
title at the judicial sale referred to, they are not en-
titled to the benefit of the covenant of warranty in de-
fendant's deed, but the rule *caveat emptor* applies to them.

It is settled, however, that the covenant of war-
ranty runs with the land, and whoever is the owner
of the land at the time of the breach, can take ad-
vantage of it, whether he acquired title by voluntary
or involuntary sale, as, for instance, a sheriff's or other
judicial sale: See *Kenney* v. *Norton*, 10 Heis., 384;
*Hopkins* v. *Lane*, 9 Yer., 78; Rawle on Cov., 335;
4 Sneed, 54.

This is not inconsistent with the rule that *caveat
emptor* applies to purchasers at judicial sales.    This
means that such purchasers have no warranty of title
from the officer of the court making the sale, or the
parties at whose instance it is made, but does not mean
that they shall not have the benefit of such covenants
running with the land as were made with the person
whose title they purchase.    This point, therefore, is
not well taken.

It is next argued that the demurrer should have been sustained upon the ground that the action sounds in damages, and is not such an action as the chancery court has jurisdiction of, even under our act of 1877. If this were true—which, however, it is not—still the chancery court has jurisdiction of even purely legal demands in attachment cases—the ground of attachment in this case being that the defendant is a *non-resident*.

The ground of defense, however, still more earnestly pressed is, that the land recovered from complainants by paramount title, is not embraced within the calls of defendant's deed, and she, therefore, did not warrant the title to it.

This raises the question in the first place, whether the defendant is bound, and if so, how far, by the judgment in the action by which the land was recovered from complainants. The action was brought by one Ritchie against one of the complainants. It is claimed that the defendant was duly and promptly notified and requested to take charge of the defense, or assist therein, but that she failed and refused to do so, and that the defense was properly and in good faith made by the complainants themselves.

We have held, upon full consideration, that upon proper and sufficient notice being given to the covenantor to appear and defend the latter in an action against him upon his covenant will be bound by the judgment establishing the paramount title, and no other proof of the paramount title will be required: *Greenlaw* v. *Williams*, 2 Lea, 533. The question of fact is then presented, whether the proper notice was given

in this case. We are of opinion that the proof of the notice is sufficient. While it should be unequivocal and explicit, yet no particular form of words is necessary, and it need not be of record. "The only object of the notice," says Judge Freeman, "is that the party shall understand that a suit is pending asserting a superior title to the one warranted,  *  * and that he is called on to defend:" See above cited case. We think the proof shows that the defendant fully understood this in the present case.

The record in the ejectment suit, therefore, is conclusive as to the paramount title. In fact, however, this is not the controversy. The defendant insists that there was no conflict between the titles, and that the land recovered by Ritchie was outside of defendant's deed. The court, however, in determining the ejectment suit, found that there was a conflict between the titles to the extent of fifty acres, and that Ritchie's title was superior, and therefore gave the recovery.

The complainants, in their defense of the action of ejectment, in accordance with our statute, defined of record the extent of their possession and claim of title, and disclaimed title to the remainder of the land sued for. In defining their possession they set out the boundaries of the land embraced in the defendant's deed. The court found that the plaintiffs had superior title to part of the land sued for, that is, the land covered by two grants, known as the Kelly and McVey grants, and further found that the defendant in the action was setting up title to fifty acres of this land under the deed executed by the present de-

fendant, as described in the plea of record, and, there-
fore, gave judgment that the plaintiff Ritchie recover
of the defendant in the action, the fifty acres described,
with costs, and found the defendant not guilty as to
the remainder of the land sued for.  So it will be
seen that the court did adjudge the very point now
in controversy, that is to say, that the fifty acres for
which the recovery was given, was within the claim
of the defendant in the action, · which, as we have seen,
was confined to the land conveyed by defendant's deed,
and consequently establishes that the defendant did
warrant the title to the fifty acres, otherwise the judg-
ment must have been for the defendant.

Is the defendant in the present case also bound by
this part of the adjudication?   We see no ground of
distinction as to the effect of the judgment.   The cov-
enantor had notice that the defendant was relying alone
upon the title conveyed by him, and he was expected
to maintain the title and show the correct boundaries
of his deed.   The theory upon which the judgment
is held conclusive upon him is, that he is in effect a
party to the suit.   By failing to do what his cove-
nant requires him to do—that is, to defend the title—
he becomes bound by the conduct of the case by his
covenantee, if the defense be properly made, and in
good faith.

If, however, we were to go into the question of
fact, the result would be the same.   The defendant's
deed embraced several tracts, among others, one known
as the Geo. W. Williams grant, No. 17525.   The
question was, whether there was a conflict between the

boundaries of this grant and the boundaries of the two grants of Ritchie. This question depended upon the manner of running the lines of the Williams grant, and we are not prepared to say that the survey adopted by the circuit court in the ejectment suit was not correct.

Another ground of defense urged in argument is, that part of the fifty acres recovered by Ritchie was in his actual adverse possession at the time defendant's deed was executed, and that, therefore, the deed to this extent was, under our champerty laws, void for all purposes, and no action can be maintained upon the covenant of warranty.

It is, perhaps, a sufficient answer to this argument to say, that the question is not made in the pleadings. The answer sets up no such defense, and that the defendant cannot prove a defense not set up in his answer. If the question were properly presented, it would seem to be in some doubt under our authorities.

The case of *Williams* v. *Hogan*, Meigs, 149, was an action upon a covenant of warranty; the declaration showing that the land was adversely held when the deed was executed. It was held that a demurrer upon this ground should be sustained; that the deed was void for all purposes, and no action could be maintained upon the covenant. In the subsequent case of *Ruffin* v. *Johnson*, 5 Heis., 604, it appeared that the complainant had secured his creditors by a deed of trust upon certain lands. The bill was filed to enjoin a sale by the trustee, upon the ground that as the lands were adversely held, the deed was void for cham-

perty. The court held that the complainant was estopped from setting up this defense by his bill. And in other cases it has been said that although such deeds are ineffectual to convey the title so as to enable the purchaser to recover in ejectment, yet a recovery may be had in the name of the vendor, which will enure to the benefit of the purchaser—the conveyance being good between them by way of estoppel.

However the rule may be at law, the true rule in equity should be, that if the land adversely held was really sold and taken into the account in estimating the price, the vendor ought not to be allowed to retain that part of the purchase price. If he be not liable upon the covenant of his deed, he should be compelled to restore the purchase money *pro tanto*, upon the ground that the sale was to that extent void. If, on the other hand, the purchaser knew at the time that the land was adversely held, and that too by a paramount title, and this part of the land was not really intended to be sold or estimated in fixing the price, then the vendor ought not in equity to be liable upon his covenant or otherwise. But, as indicated, there is no issue upon these questions in the pleadings, and we can make no adjudication in regard to them.

This brings us to the errors assigned by complainants. First, that they were not allowed to recover the taxed costs in the ejectment suit as part of the damages. We are not aware that this question has been passed upon in this State. The authorities seem to sustain the claim. See them collated in Rawle on

Cov., 304; Sedgewick on Meas. Dam., p. 315, *et seq.*
And in principle it seems to us that the claim should
be sustained. The theory upon which the covenantor
is held bound by the judgment in favor of a party
setting up a paramount title, of the bringing of whose
suit he has had notice, is, that he thereby becomes a
privy in interest and in effect a party to the action.
If he fails to defend and his covenantee makes the
defense properly, it would seem to follow logically that
if the covenantor is bound to make good the recovery,
that the costs are as much a part of the recovery as
the land itself. The only way the covenantee could
avoid the costs, would be to surrender the possession
to the claimant of the paramount title without suit;
but if he do this, it is at his peril, and it would be
unreasonable to require him to do so. We are of
opinion that the taxed costs incurred in a proper de-
fense should constitute part of the damages.

Upon the question of counsel fees, the authorities,
according to Messrs. Sedgewick and Rawle, in their
respective works upon the subject where they are cited,
are shown to be in conflict, and we have no reported
decision upon the question in this State.

If the employment of counsel be necessary, upon
principle it is not easy to see why the expense is not
as much a legitimate part of the damage sustained as
the costs of the cause. The common law doctrine,
that the services of a counsellor are honorary and
gratuitous, does not prevail in this State: *Newman* v.
*Washington*, M. & Yer., 79. Yet if such expense is
put upon the same ground as the costs, the plaintiff

would in every case recover his necessary counsel fees incurred in protecting a rightful claim against a defendant, precisely as he recovers his costs. There would be some justice in the claim, and in some States and in the Federal courts a tax fee is in some instances allowed. But such fees have never been allowed in the courts of this State. It is within the recollection of some members of the court that we have decided against the claim in a case precisely of this character. We have certainly so decided in analogous cases, and the chancellor's decree on this point will be affirmed. Nor do we think the complainants entitled to recover the other expenses claimed.

The chancellor properly refused relief as to the further payment claimed to have been made upon the original purchase money, as this was precluded by the decree, which was submitted to.

The decree will be modified as indicated, and the cause remanded. The costs of this court will be paid, two-thirds by defendant and one-third by complainants.