# Wilson v. McGowand.

(Decided October 18, 1921.)

## Appeal from Russell Circuit Court.

1. Covenants—Breach of Warranty.—The basis of an action for a breach of warranty of title is that the warrantee has either been ousted by a paramount or superior title, or that he gave the warrantor notice of the pendency of the action involving the title, in which latter event the warrantor would be bound even though the eviction was not by a paramount title.

2. Covenants—Breach of Warranty—Measure of Recovery.—The measure of recovery on a breach of warranty where there is a total loss of the whole land, the title to which is warranted, is the purchase price at the date of the conveyance with interest from that time; but where only a part of the land warranted is lost the measure of recovery is that proportion of the original purchase price which represents the value of the lost part at the time of the conveyance, with interest from that time.

3. Covenants—Breach of Warranty—Attorneys' Fees—Costs.—In an action for a breach of warranty of title to land there can be no recovery against the warrantor for the costs, attorneys' fees and expenses of the warrantee in an action wherein the recovery was had unless and until the warrantor has had notice of the pendency of the action.

J. F. MONTGOMERY for appellant.

R. E. LLOYD, W. R. CRESS and CRESS & CRESS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On the 4th of November, 1915, J. H. Wilson sold and conveyed by deed of general warranty to A. W. McGowand a tract of land in Russell county, the consideration being eight hundred dollars, of which five hundred dollars was paid down and a note for three hundred dollars, payable in six months, was executed for the deferred payment, and a lien retained to secure it.

Thereafter Wilson assigned that note to Bell Taylor and, in September, 1917, the note remaining unpaid, an action was instituted by Taylor to foreclose the lien.

McGowand answered and made his answer a counter-claim against the plaintiff and a cross petition against Wilson, wherein he alleged in substance that in 1916, while he was holding the land under his deed from Wilson, one Scholl filed an action against him asserting title

to four and three-eighths (4⅜) acres of the land so con-
veyed to him by Wilson, and for the sum of twenty-five
dollars damages for the unlawful withholding of posses-
sion thereof from the plaintiff; that he answered and
made defense to that action and the same was thereafter
tried and the jury returned a verdict for the plaintiff
therein for the recovery of the said four and three-eighths
acres of land and for twenty-five dollars damages against
him, and the court entered judgment on that verdict.   He
alleges that he filed a motion and grounds for a new trial
in that action which were overruled, and that Wilson did
not advise him to appeal the same and made no arrange-
ments to appeal from the judgment, and he avers that the
covenant of warranty contained in Wilson's deed has
been thereby breached and that he has been ejected and
ousted from the possession of the four and three-eighths
acres of land, which was of the value of one hundred and
sixty-five dollars and ninety cents, and that he had been
compelled to pay the damages awarded therein against
him and the costs of said action amounting to the sum
of one hundred and forty-six dollars and twenty-eight
cents; that in addition to the aforesaid sums he had paid
to his attorneys in that action a fee of sixty dollars and
had paid out in traveling expenses, hotel bills, surveyors'
fees and other necessary expenses the sum of twenty-
nine dollars and eighty cents, the amount of his aggre-
gate damages being, as alleged, four hundred dollars
and twenty-eight cents, and he asks that that amount be
adjudged a set off and counterclaim against the note sued
on, and for judgment for the excess.

Thereafter Wilson again became the owner of the
note, having paid back to Taylor the consideration there-
for, so that the action is now wholly between Wilson and
McGowand.

To this counterclaim and cross petition Wilson de-
murred generally and the sufficiency of that pleading is
the only question presented, there being no bill of evi-
dence or exceptions.

After Taylor was eliminated from the controversy,
by agreement, the cause was transferred to the ordinary
docket and the trial had before a jury, and a verdict for
three hundred and fifty dollars returned for McGowand
on his cross action and the court credited that amount
on the three hundred dollar note, leaving only a small bal-
ance due Wilson.

The pleading is defective in at least three respects:

1. It fails to allege either that the warrantee has been evicted by a paramount title or that the warrantor had been given notice of the pendency of the action and required to defend under his warranty.

The very basis of an action on a breach of warranty is either that the warrantee must have been ousted by a paramount or superior title, or that he must have given the warrantor notice of the pendency of the action involving the title which he had warranted, in which latter event the warrantor would be bound even though the eviction was not by a paramount title. So far as the pleading shows it might be that the warrantee was evicted by reason of some act or conduct of his own since he became the holder of the title, or it might be that he was evicted on some other ground for which the warrantor is not liable on his warranty.

The pleading only alleges that there was a judgment of court evicting him from that land and wholly fails not only to allege that the plaintiff in that suit evicted him under a paramount or superior title, but fails to allege upon what grounds he was evicted, and such a pleading forms no basis for a judgment against the warrantor. Walker v. Robinson, 163 Ky. 618.

2. The pleading only alleges that the value of the lost land is and was one hundred and sixty-five dollars and ninety cents, but wholly fails to allege what proportion that sum bore at the time of the conveyance to the total purchase price.

Where there has been a total failure of consideration because of the loss of the whole of the land the title to which is warranted, the measure of recovery on the warranty is the purchase price at the date of the conveyance, with interest on it from that time; but where there is only a partial failure of consideration, and only a part of the land is lost, the measure of recovery is that proportion of the original purchase price which represents the value of the lost part at the time of the conveyance with interest from that time. Robertson v. Lemon, 2 Bush 301; Sutherland v. Hill, 112 S. W. 564; New Domain Oil & Gas Company v. McKinney, 188 Ky. 183.

3. Nor does the pleading state such facts as will authorize a recovery against the warrantor of the costs, attorneys' fees and expenses.

The rule in Kentucky is that there can be no recovery of such items in a suit on the warranty unless and until

the warrantor has had notice of the pendency of the action.

A similar question was directly presented in the case of Mercantile Trust Company v. South Park Residence Company, 94 Ky. 271, and the court in disposing of it said:

"Whatever may be the rule elsewhere, we think it is authoritatively settled in Kentucky, that in suits for a breach of covenants of this character the necessary costs and expenses incurred in defending the title, including a reasonable attorney's fee, can be recovered; but we think these expenses must have been incurred in actually defending the suit for eviction, and after notice of the suit to the covenantor. If he is to be made liable, he must at least be given the opportunity to employ his own counsel and provide the defense, the cost of which he is to pay."

The reason of this rule is obvious; it would be clearly inequitable to charge a warrantor with fees, costs and expenses in an action of which he had no notice. If he had been given notice, he might have conceded the right of the other party and thereby have avoided such costs, expenses and fees; or he might have presented a successful defense and thereby have avoided them.

It is obviously unfair to charge a man with the expense and cost of a litigation of which he had no notice and wherein he had no opportunity to select his own counsel, prepare the case in his own way, or present any defense that he might have.

The appeal is granted, and the judgment is reversed with directions to sustain the demurrer and permit the parties to amend their pleadings and for further proceedings consistent herewith.