## Kelly v. Kelly.

Jan. 29, 1943.

44

R. S. Rose and R. L. Pope for appellant. ·

J. C. Baker for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Affirming.

In May, 1941, the appellant, Nona Kelly, filed in the Harlan circuit court her petition in equity against the appellee, M. D. Kelly, to recover the sum of $1,600 alleged expended by her for improvements made on a residence property in Evarts, Harlan county, Ky., which at the time she and her husband occupied as their home but record title to which was held by the appellee, M. D. Kelly.

The appellant alleged in her petition the following facts as setting out her cause of action, entitling her to recover the stated expenditure made in permanently improving the property, which she alleged enhanced its vendible value by that amount:

In the year 1933 plaintiff married M. L. Kelly, a brother of appellee, M. D. Kelly, and she alleges that at such time her husband represented to her, and which representation she in good faith believed, that he was the fee owner of this certain house and lot which they were occupying and upon which she placed the improvements for which she here seeks recovery, stating that the title to the property was held by him under a commissioner's deed, which was then duly of record in the office of the Harlan county court clerk in deed book 72, page 60.

She further alleged that prior to the time of her marriage in 1933 to M. L. Kelly, he also represented to her that he was the owner in fee and in actual possession of and living in this residential property and that she had no notice nor could she by the exercise of ordinary care and diligence have found out that he did not own the said house and lot, but that at the time she advanced her money and made the various improvements thereon in the amount stated, which increased the vendible value of the property by the amount expended, she in good faith believed that her husband, M. L. Kelly, not she nor M. D. Kelly, was the owner of the property, but that, since making the improvements on it, it has turned out her husband was not at such time its owner as he had previously divested himself of title to the property in 1933 before she made the claimed expenditures for improve-

ments, by deeding the property to his brother, the defendant, M. D. Kelly, and that some eight years thereafter, on April 12, 1941, M. L. Kelly, her husband, died.

Further she pleaded that as she had expended $1,600 in making these permanent and valuable improvements on the property, it was in lien to her for said amount, basing her plea on the ground that the defendant, M. D. Kelly, when having record title to the property and knowing he was the real owner of it under the conveyance of it to him as stated, had stood quietly by and suffered her to make said expenditures without advising her that the property had been transferred to him by her husband, M. L. Kelly, without any consideration paid by the defendant to her husband therefor. For such reason she alleged that the conveyance to the defendant was fraudulent and void in equity and that the defendant is now estopped, by reason of his having knowingly and silently stood by and permitted her to expend her money in improving the property which she believed was her husband's, from setting up his claim to the property against her.

The defendant having filed a general demurrer to plaintiff's petition and the cause having been submitted thereon, the same was sustained, with leave given plaintiff to plead further. Plaintiff excepted to such ruling and thereafter filed her amended petition, wherein she first stated that the allegation made in her original petition, to the effect that her husband had divested himself of title to the property in 1933, before she made the expenditures for improvements upon it and for which she was seeking recovery, was erroneous and untrue, for the reason that she had lately been informed that at the time of making the improvements on this property, the title thereto was still vested in and held by her husband, M. L. Kelly, and that if her husband thereafter transferred title thereto to M. D. Kelly, it was a fraudulent transfer made to cheat and delay his creditors, to-wit, the Reconstruction Finance Corporation of Cleveland, who held certain notes against him aggregating $14,000 and that, to defeat the collection of their debt, he fraudulently transferred the property to his brother, M. D. Kelly, within a day or two after receiving their demand for payment on these notes.

Further she pleaded that the defendant, M. D. Kelly,

left "in the full actual possession of said property" her husband, M. L. Kelly, and that, with full knowledge the said improvements were being made by her, he stood quietly by and without objection or advising her of his ownership of it permitted her to make said improvements and expend therefor the amount of $2,200, when knowing that she in good faith believed when so doing what M. L. Kelly had told her, that he, her husband, was the owner and in the actual possession of said property. Further she pleads that by reason of such wrongful and misleading conduct on the part of defendant, he is now estopped from denying payment to her of $2,200 she expended improving said property, which enhanced its vendible value in such amount, and that he should not be permitted to set up his title to the property to the exclusion of her right to recover the amount expended by her for improvements.

Upon defendant's demurrer to the original petition being extended to her amended petition and the case being submitted thereon, the same was sustained.

Plaintiff thereupon declining to plead further, her petition as amended was, on motion of the defendant, ordered dismissed, to which ruling plaintiff excepted and prayed an appeal from the judgment, which was granted and is now before us.

This appeal presents but the one question of law, as to whether or not the factual allegations made in the original and the amended petition were sufficient to state a cause of action.

In our consideration and disposition of this question, it is appropriate that we state the general rule as to what are the essentials of the right of one to recover compensation for improvements made by him on another's land.

As said in 31 C. J. 319, Sec. 27:

"As a general rule in order that one may recover compensation for improvements made on another's land, even in a court of equity, it is necessary that he shall have made such improvements in good faith while in bona fide adverse possession of the land under color of title. There must be three concurrent essentials: (1) The occupant must have made the improvements in good faith; (2) he must

have been in possession adversely to the title of the true owner; and (3) his possession must have been held under color or claim of title."

To this effect see, also, Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181, and Barlow v. Bell, 8 Ky. 246, 1 A. K. Marsh. 246, 10 Am. Dec. 731.

Further, in regard to the first of these essentials, that occupant must have made the improvements in good faith, it is generally held that the occupant is entitled to compensation for his improvements when and only when he has been a bona fide possessor and has made the improvements in good faith, believing his title to be a legal one. Loeb v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49; Bragg v. McCoy, 188 Ky. 762, 224 S. W. 200; Tuck v. Sharer, 234 Ky. 296, 28 S. W. (2d) 22.

On this point in the Loeb case, supra [160 Ky. 91, 169 S. W. 581, Ann. Cas. 1916B, 49], we said:

"It is not enough, that the possessor shows himself to have meliorated the land, but his money and labor must be bestowed under an honest conviction of his being the rightful owner of the land. For if he takes possession without title, and knowing the land belongs to another, he is himself guilty of a wrong, and although he may have expended his money and bestowed his labor, his claim for compensation ought not to be sanctioned by a court of equity."

Clearly the allegation of the original petition, that at the time plaintiff made these improvements upon the property in question her husband had already divested himself of title to the property, leads us to the conclusion that she could not have been a claimant in good faith, acting under color of having title in the property through her husband, as it had already been conveyed by her husband to the appellee. Neither does she support her claim of right to recover for the improvements, as having been made under color of title and in good faith, by the contradictory allegation later made in her amended petition, that when she made the improvements on the property in 1933, the title to the property was still in her husband, M. L. Kelly, and that if he then made a transfer of the property in question to his brother, the defendant, M. D. Kelly, it was a fraudulent transfer made to hinder and delay his creditors. Even if such

were the case, the allegation would still fall short of serving to show any color of title in herself to the property or anything more than an expectation of inheriting the property or her widow's interest therein from her husband should she outlive him.

Such expectancy is, however, generally held insufficient to constitute or support a claim made in good faith under color of title, such as would entitle her to recover the expenditures made in improving the property.

To such effect is it declared in 27 Am. Jur. 267, section 10, that: "The mere fact that the occupant of the premises made improvements in expectation of acquiring title to such premises does not entitle him to compensation upon being dispossessed." Warwick v. Harvey, 158 Md. 457, 148 A. 592, 68 A. L. R. 284; McKenzie v. Gussner, 22 N. D. 445, 134 N. W. 33, 37 L. R. A., N. S., 918.

We are thus of the opinion that the allegations of the petition and petition as amended were insufficient to show that plaintiff was herself a claimant of the property under color of title or in good faith, where she did not claim under any instrument or deed, as vesting her with color of title.

The words "color of title," as defined in section 11, page 267, 27 Am. Jur., mean "that which is appearance of title, but which in reality is not title. Color of title may be said to be a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect, but not so obviously imperfect that it would be apparent to one not skilled in the law." See in accord the Bragg case, supra.

In the same section of the same authority it is also said that:

"There can be no color of title in an occupant who does not hold under any instrument, proceeding, or law purporting to transfer to him the title or to give him the right of possession."

Further, in section 14, page 270 of the same authority, it is said that:

"The good faith which will entitle to compensation

for improvements has been defined to mean simply a reasonable and honest belief of the occupant in his right or title, and the fact that diligence might have shown him that he had no title does not necessarily negative good faith in his occupancy.''·

See, also, Combs v. Deaton, 199 Ky. 477, 251 S. W. 638.

As to the plea of estoppel invoked against the appellee, it is sufficient to say, while approving the theory and rule announced in the many cases cited, that we are constrained to conclude that the allegations of appellant's petition are not sufficient to bring her claim within that rule, in that they do not give her the status of one acting under color of title and in good faith when making the improvements on the property, here a prerequisite to her invoking the rule of estoppel against him, preventing his setting up his own rights to the exclusion of hers, when standing by and seeing her make the expenditures without interposing to warn her that he was the real owner of the property.

Counsel for appellant in brief goes outside the record in setting out that appellant claims in her petition or amended petition that the house and lot in question were willed to her by her husband, as we nowhere find upon examination of the record any allegation made that any will was left by M. L. Kelly, appellant's deceased husband, or that any claim of title or interest in the property is made under the will or otherwise.

Also we find the further statement made in brief that the appellee, M. D. Kelly, ''promised to reconvey the property back to his brother, M. L. Kelly, and did so but it was never put to record,'' but we find no such allegation made in the petition.

Whatever might be the effect of such allegations if made we need not discuss, in that we are not authorized to consider such statements set out only in the brief and not appearing in the record. We are, therefore, led to conclude that the allegations of the petition, for the reasons stated, were insufficient to state or support a cause of action and that the learned chancellor correctly so adjudged.

Judgment affirmed.