**Richard FINUCANE and Marcia Finucane, his wife,**
Appellants,

v.

**Jerome C. PRICHARD and Charlotte Ann Prichard, his wife,**
Appellees.

**No. 90–CA–181–MR.**

Court of Appeals of Kentucky.

June 7, 1991.

Wendell S. Roberts, Gray, Woods & Cooper, Ashland, for appellants.

Robert L. Templeton, Hermansdorfer & Templeton, Ashland, for appellees.

Before EMBERTON, HOWERTON and MILLER, JJ.

HOWERTON, Judge.

On January 20, 1983, Jerome Prichard and his wife, Charlotte Ann Prichard, conveyed 107.95 acres in Boyd County, Kentucky, to Richard Finucane and his wife, Marcia Finucane, by general warranty deed. The purchase price was $96,600. Subsequently, the Finucanes began improving the tract by fencing, bulldozing, seeding, fertilizing, etc., and they discovered that the metes and bounds description of their tract included 27.5 acres which belonged to another party.

In 1987, the Finucanes filed this action against the Prichards for breach of their warranty and sought damages for the diminution of the value of their tract, for $2,680.37 in expenses they had incurred improving the 27.5 acres, and for prejudgment interest. The Prichards joined as third-party defendants, Lofty Vanhoose, Jr., and Willie Vanhoose, his wife, who had conveyed the same described property to them by general warranty deed. The Prichards sought recovery from the Vanhooses for any sum they were required to pay to the Finucanes. The trial court awarded the Finucanes $6,693.50 plus costs and interest from the date of the judgment against the Prichards, and it awarded the Prichards the same amount against Lofty and Willie Vanhoose.

Richard and Marcia Finucane have appealed from that judgment, naming only the Prichards as appellees, claiming that the trial court erred by failing to award them their damages for improvements in the 27.5 acres and for failing to award prejudgment interest. We agree with both allegations of error and reverse and remand this action for further proceedings.

Another problem presented with this case concerns the motion by Jerome and Charlotte Ann Prichard to join as additional parties Lofty and Willie Vanhoose as co-appellees. An order was entered by this Court on April 10, 1990, passing the motion to the panel considering the appeal on its merits. For the reasons which will be giv-

en later in this opinion, the motion to join additional parties is DENIED.

■ In denying the Finucanes' claim for $2,680.37 of improvements in the 27.5–acre area, the court reasoned that they had been negligent in failing to make certain they owned the land before making any improvements. The court's rationale was based on testimony that Richard Finucane had considerable experience in researching titles and determining boundary lines in his occupation. We agree with the Finucanes that the court committed reversible error in denying their claim which was based on a breach of the covenant of general warranty.

The fact that $2,680.37 was spent improving the 27.5–acre tract is undisputed. Also, there is no evidence that the Finucanes had any actual notice that they did not own the 27.5–acre tract at the time the improvements were made. Considering when an occupant of land is entitled to compensation for improvements, we read in *Kelly v. Kelly*, 293 Ky. 42, 168 S.W.2d 339 (1943):

> The good faith which will entitle to compensation for improvements has been defined to mean simply a reasonable and honest belief of the occupant in his right or title, and the fact that diligence might have shown him that he had no title does not necessarily negative good faith in his occupancy.

293 Ky. at 48–49, 168 S.W.2d 339. Although *Kelly* involved a claim against the true owner of the property for the improvements placed on his lands, we can only conclude that the alleged lack of diligence by the Finucanes will not preclude them from recovering under a breach of the covenant of general warranty from their grantors. A grantee should not be barred from claiming compensation from his grantor for legitimate improvements to land which the grantor improperly conveyed. If the grantor is subsequently entitled to any reimbursement or indemnity, it may be from his grantor or possibly from the one who has benefitted from the mistake. The true owner of the improved land may have been benefitted or had the land

value enhanced in some cases. Under the facts alleged and proven in this case, we hold that the Finucanes' claim against their grantors, the Prichards, is not barred and that the trial court erred in denying their claim for the improvements.

We have no doubt that the Prichards acted in good faith in conveying the same described property that they had received. They also had received a general warranty deed. All parties had the title examined, but the examinations did not reveal the discrepancies which would have been revealed by an accurate survey.

■ A "good faith" standard and a "due diligence" standard apply to recovering cost of improvements when the action is brought against the true owner of the property. *Bryant v. Engle*, Ky., 335 S.W.2d 731 (1960). We also note that the measure of damages in that type action would be the "enhanced value" of the land by reason of the improvements. This is not an action against the true owner, but it is an action based upon a breach of the general warranty. Therefore, we determine that the Finucanes are entitled to recover their reasonable loss from the Prichards, unless there is some showing of actual notice of the error in the conveyance, or a showing of actual bad faith in making the improvements. We are not aware that either factor exists in this case, nor are we aware that any of the expenditure of $2,680.37 was unreasonable.

■ We next turn to the question of whether the Finucanes are entitled to any prejudgment interest on the value of that portion for which their grantors conveyed no title. The Finucanes purchased this property on January 20, 1983, for $96,600. The trial court took the lowest value per acre from the testimony and determined that the 27.5–acre tract had a value of $243.40 per acre. This made a total of $6,693.50. They paid $20,000 in cash and financed the remaining purchase price. Whether they were paying interest on their debt or failing to earn a return on their $20,000 investment, we can only conclude that they proved an actual loss for interest on the $6,693.50 value from the date of

purchase. The court should have allowed prejudgment interest on this item. On remand, the court shall award interest from January 20, 1983, to November 15, 1989, the date of the final judgment, at a rate within the legal rate which will fairly and adequately compensate the Finucanes for their loss. The rate of interest on the total judgment shall accrue at 12 percent per annum.

The Prichards argue that prejudgment interest was merely discretionary and that the trial court did not abuse its discretion in refusing to award such interest, because the Finucanes had the use and enjoyment of this land during the time in question. We disagree. The land was purchased for a home site with room for the grazing and raising of cattle. The 27.5 acres were never fully used and enjoyed. It was not until 1986 when Richard Finucane approached the abutting, and in fact true, owner about the possibility of sharing the expense of fencing the area that he learned that the area belonged to the other party. In this case, there was no offsetting profit to the Finucanes which should entitle the Prichards to any relief from the cost of interest borne by the Finucanes during the time they were paying for the purchase of the entire tract.

■ In *Wilson v. McGowand*, 192 Ky. 565, 234 S.W. 17 (1921), and *Haas v. Gahlinger*, Ky., 248 S.W.2d 349 (1952), we learn that where there is a partial failure of consideration due to the loss of a portion of land which has been warranted, the measure of recovery is that portion of the original purchase price representing the value of the lost portion at the time of the conveyance, together with interest from that time.

The Prichards contend that the rule in *Wilson, supra,* and *Haas, supra,* can be traced to such cases as *Cox's Heirs v. Strode*, 2 Bibb 273, 5 Ky. 273 (1811), and *Cogwell's Heirs v. Lyons*, 3 J.J. Marshall 38, 26 Ky. 38 (1929). They argue that the cases involve evictions by a true owner, which are distinguishable from this case. They also quote from *Cogwell's Heirs, supra,* claiming that the rationale for awarding prejudgment interest is based on a two-fold argument which is found at 26 Ky. 40. It reads:

1st. If the occupant shall recover interest on the value of the land, when he has received the equivalent of that interest, in the use of the land, he will have received and his vendor will have lost, more than the value of what was given for it; But, 2d. As the occupant is liable to the evictor for *mesne* profits, for six years preceding the eviction, for that period, he should be entitled to interest on the consideration which he had paid for the land.

We believe the holdings in *Wilson, supra,* and *Haas, supra,* are controlling. They simply hold that the measure of damages for breach of warranty in a deed is that portion of the original purchase price which represents the value of the lost part at the time of the conveyance, together with interest from that time. In this case, we are not concerned with liability to a true owner for *mesne* profits or with whether the Finucanes benefitted from the possession of the property prior to learning of the title defect. They paid $96,600 for the property. They are now entitled to a refund of $6,693.50 of the purchase price, and they have been deprived of interest on that amount. They are entitled to recover such interest in this action.

■ The Prichards moved this Court to join the Vanhooses as additional parties. Unfortunately, the civil rules are not clear as to how they should have proceeded. This is a subject which should be addressed by the Rules Committee and the Kentucky Supreme Court, as this is not an isolated incidence.

At trial, the Prichards were granted all of the relief they had requested on their third-party complaint against the Vanhooses. Judgment was awarded for the Finucanes, and the total amount of the judgment was awarded to the Prichards against the Vanhooses. The Finucanes filed their appeal against the Prichards, which was the correct procedure for them to follow. Technically, a cross-appeal would not lie for the Prichards to bring in the third-party

defendants, since a cross-appeal is to be brought against an appellant. The Prichards had no reason to file an appeal against the Vanhooses until an appeal had been brought against them. By the time that action had been taken, there was little or no time for the Prichards to file a notice of appeal. This, however, would have been the correct procedure under the existing rules, and then the appeals could have been consolidated. We have permitted a cross-appeal to bring in an additional party in a somewhat comparable situation, although such was not clearly within the rules. For example, in a divorce action, if one party filed an appeal and the appellee decided to contest the award of an attorney fee, we have permitted the appellees to file a cross-appeal and join or add the attorney who must be made a party.

The Prichards cite *Brown v. Barkley*, Ky., 628 S.W.2d 616 (1982), for the fact that they could not have maintained a cross-appeal. We do not find *Brown* to be controlling in this situation. The Prichards also cite *Kentucky Appellate Handbook*, § 11.03 (1985), for the proposition that the Vanhooses should be joined as parties because complete relief cannot be granted to them if the Vanhooses are absent from the appeal. If additional liability is imposed on the Prichards, their claim for indemnity will be affected.

We make no decision on whether the Vanhooses would or should be liable to the Prichards for the improvements or even for the interest, but we do conclude that the motion to join the Vanhooses as additional parties must be DENIED. The correct procedure would have been to have joined them by an appeal. *Kentucky Appellate Handbook* § 11.03, reads, at 26:

> It is not necessary to join co-plaintiffs or co-defendants unless they will be affected by the appeal or complete relief cannot be granted to the other parties in their absence. However, if an appellee wishes to preserve his rights against one who has not been named as a party by the appellant, the appellee must bring in that party. [Footnotes omitted.]

The Vanhooses are not parties to this appeal, nor have they been named in a notice of appeal as parties, and they are not necessary parties to the appeal brought by the Finucanes. They may not now be brought in merely by a motion filed in the pending appeal.

The judgment of the Boyd Circuit Court is reversed and remanded for further proceedings consistent with this opinion, and the motion of the appellees to join additional parties is DENIED.

All concur.