Eleanor Creekmore DICKINSON, and
Louise Creekmore Senatore, Plain-
tiffs–Counter Defendants,

v.

William Horton BAIN and Wife, Doris M.
Bain, Defendants–Counter Plaintiffs
and Third–Party Plaintiffs/Appellants,

v.

VALLEY VIEW LODGE, INC., Third–
Party Defendant/Third–Party
Plaintiff/Appellee,

v.

William W. BURCHFIEL, Third–
Party Defendant.

Supreme Court of Tennessee,
at Knoxville.

April 29, 1996.

190

Philip Nemeth, Gatlinburg, for Defendants–Counter Plaintiffs and Third–Party Plaintiffs/Appellants.

Lanning P. Wynn, Ogle, Wynn & Rader, Sevierville, for Third–Party Defendants/Third Party Plaintiff–Appellee.

## *OPINION*

REID, Justice.

This appeal presents for review the judgment of the Court of Appeals determining the measure of damages due the grantee under a covenant of general warranty, in an action against the grantor for breach of warranty of title to real property. The judgment of the Court of Appeals determining the measure of damages is reversed.

### I.

Valley View Lodge, Inc., the appellee, (Valley View), executed and delivered to William Horton Bain and Doris M. Bain, the appellants, a general warranty deed which purported to convey to the Bains the fee simple unencumbered title to two certain lots of land located in Gatlinburg, Tennessee. The deed contained covenants of title, including the covenant that "[t]he grantor will forever warrant and defend the title thereto against all lawful claims."

Subsequent to the conveyance, the Bains removed some trees and made excavations on the property described in the deed, as part of their plan to develop the property.

Eleanor Creekmore Dickinson and Louise Creekmore Senatore, non-resident adjoining landowners, filed a suit against the Bains, asserting that a portion of their adjoining property was included in the conveyance to the Bains. The relief sought was a temporary injunction, adjudication of the boundary line and incidental damages. The Bains, represented by counsel, responded to the suit by denying Dickinson's and Senatore's claim and, also, by initiating a third-party action against Valley View for indemnity for any loss sustained by the Bains as the result of the suit.

The trial court found that more than one-half of the land included in the conveyance from Valley View to the Bains was owned by Dickinson and Senatore, and established the boundary line accordingly. There was no appeal from that decision.

On the third-party action, the court found that Valley View had breached the warranty of title and awarded damages. As modified by the Court of Appeals, the judgment includes $21,300.00, which represents the pro rata portion of the purchase price, and interest on that amount from the date the Bains were evicted. This appeal relates to only two items of damages. The Bains claim as error the Court of Appeals' refusal to include as damages attorney's fees and attorney expenses in the amount of $7,599.23 incurred in defending the title, and Valley View claims as error the award of $3,250.00 for damage to the property caused by the Bains' development activity.

### II.

Among the most recent cases in which this Court has discussed the measure of damages for breach of a covenant of title are *Williams*

v. Burg, 77 Tenn. 455 (1882); Brown v. Taylor, 115 Tenn. 1, 88 S.W. 933 (1905); and Mengel Box Co. v. Ferguson, 124 Tenn. 433, 137 S.W. 101 (1911). Valley View contends that those decisions resolve the issue in its favor; the Bains contend that, notwithstanding those decisions, the Court should adopt the rule followed in most jurisdictions and include attorney's fees in the award of damages. Resolution of the issue will begin with an examination of those prior decisions.

The issue presented in the instant case was before the Court in *Williams v. Burg.* In that case, the purchaser, after giving the seller notice of the suit, unsuccessfully defended a suit by the holder of paramount title. In the purchaser's subsequent suit against the seller for breach of warranty of title, the purchaser claimed as damages the amount expended for legal representation in defending the prior suit and the amount of court costs assessed against the purchaser in that suit. In discussing those items, the Court stated:

> This brings us to the errors assigned by complainants. First, that they were not allowed to recover the taxed costs in the ejectment suit as part of the damages. We are not aware that this question has been passed upon in this State. The authorities seem to sustain the claim. See them collated in Rawle on Cov., 304; Sedgewick on Meas.Dam., p. 315, *et seq.* And in principle it seems to us that the claim should be sustained. The theory upon which the covenantor is held bound by the judgment in favor of a party setting up a paramount title, of the bringing of whose suit he has had notice, is, that he thereby becomes a privy in interest and in effect a party to the action. If he fails to defend and his covenantee makes the defense properly, it would seem to follow logically that if the covenantor is bound to make good the recovery, that the costs are as much a part of the recovery as the land itself. The only way the covenantee could avoid the costs, would be to surrender the possession to the claimant of the paramount title without suit; but if he do this, it is at his peril, and it would be unreasonable to require him to do so. We are of opinion that the taxed costs incurred in a

proper defense should constitute part of the damages.

> Upon the question of counsel fees, the authorities, according to Messrs. Sedgewick and Rawle, in their respective works upon the subject where they are cited, are shown to be in conflict, and we have no reported decision upon the question in this State.

> If the employment of counsel be necessary, upon principle it is not easy to see why the expense is not as much a legitimate part of the damage sustained as the costs of the cause. The common law doctrine, that the services of a counselor are honorary and gratuitous, does not prevail in this State. *Newman v. Washington,* M. & Yer., 79. Yet if such expense is put upon the same ground as the costs, the plaintiff would in every case recover his necessary counsel fees incurred in protecting a rightful claim against a defendant, precisely as he recovers his costs. There would be some justice in the claim, and in some States and in the Federal courts a tax fee is in some instances allowed. But such fees have never been allowed in the courts of this State. It is within the recollection of some members of the court that we have decided against the claim in a case precisely of this character.

*Williams v. Burg,* 77 Tenn. at 464–66. The decision in *Williams v. Burg* to treat attorney's fees and court costs differently, it seems, was based on the "recollection of some members of the Court," even though there was "some justice in the claim" that attorney's fees be treated the same as court costs.

The facts in *Brown v. Taylor* were significantly different from those in *Williams v. Burg* and the case presently before the Court. In *Brown,* a covenant against encumbrances was breached by the existence of a gardener's lease of which the purchaser had knowledge and which would expire a few months after the date of the conveyance. The grantee's attorney's fees were incurred in a futile proceeding before a justice of the peace to remove the lessee prior to the expi-

ration of the lease. In denying the allowance of attorney's fees, the Court stated:

> The remaining question that arises is in respect of the proper rule for admeasurement of damages. The trial judge adopted as a measure of the damages the rental value of said property for the unexpired term at $8 per month. He also allowed counsel fees, amounting to $10, incurred by Brown in a misdirected action before a justice of the peace to evict the lessee from the premises. It was admitted on all hands that the lessee was rightfully in possession of the premises, and, of course, the purchaser, Brown, had no right to evict him until the expiration of his term. It may be remarked there was no authority for the allowance of counsel fees in such a case; but, on the contrary, in *Williams v. Burg,* 9 Lea, 455, it was expressly decided by this court that counsel fees are not taxed as costs, nor regulated as to amount by law in this State, and that sums paid therefor by the covenantee for defense in ejectment by adverse claimant are not recoverable from covenantor. This principle is conclusive of any allowance for counsel fees in this case.

*Brown v. Taylor,* 115 Tenn. at 8, 88 S.W. at 934. Even though the Court in *Brown v. Taylor,* based its decision regarding attorney's fees as damages on the Court's decision in *Williams v. Burg,* it would appear that attorney's fees would not have been allowed in any event because they were not reasonably incurred in defending the title to the property conveyed.

In an action for breach of a covenant of warranty, the Court in *Mengel Box Co. v. Ferguson,* again, awarded damages according to the rule stated in *Williams v. Burg,* but again chafed at the narrowness of the measure of damages. The Court stated:

> [I]n view of the reluctance heretofore manifested by this court to enlarge the measure of damages in suits of this character, we are constrained to adhere to the well-settled rule already existing. Some cases of hardships may be expected under any rule. The measure, as we now understand it, is the recovery of the consideration money and interest thereon, and the taxable costs of the eviction suit.

*Mengel Box Co. v. Ferguson,* 124 Tenn. at 448–49, 137 S.W. at 105.

Application of the well-settled, but poorly reasoned, rule in Tennessee to the case before the Court would require that neither attorney's fees nor the award of damages for injury to the property caused by the grantee's development activity may be allowed as damages in the action for breach of warranty of title. However, with regard to attorney's fees, the rule in Tennessee is contrary to the rule followed in most jurisdictions. *See* 21 C.J.S. *Covenants* § 60, p. 346 (1990).

The rationale of the majority view is expressed in the following excerpt from *Wiggins v. Pender,* 132 N.C. 628, 44 S.E. 362 (1903):

> The covenant of warranty is a contract of indemnity, and, while the usual rule is that the plaintiff recovers only the amount of the purchase money and interest, it is held by many courts outside of this state that he can recover also any amount he is compelled to pay as costs and expenses in defense of the title, so that he may be fully indemnified against any loss by reason of the breach of the covenant, provided always the cost and expenses so paid by him are reasonable. It seems to be conceded in some of the cases that he is entitled to recover as a part of his compensation or damages the cost of defending the suit in which the judgment against him for the possession of the premises was given, and also that attorney's fees may be included when the warrantor has been notified of the suit, and requested or vouched to come in and defend the title; and it is held in the greater number of cases that he is entitled to recover attorney's fees whether the covenantor was notified or not. The reason for this rule, as gathered from the cases, would seem to be based upon the following considerations: If the covenantee defends the suit in good faith, and with proper diligence, what he does is for the benefit of the covenantor, and such expenses as are necessarily incurred by him are, therefore, inseparably connected with his claim of indemnity. It would be too much to re-

quire the grantee in a deed of warranty to decide at his peril on the validity of a title set up in opposition to that which the grantor undertook to convey. By the covenant the grantor agrees not only to warranty, but to defend, the title; and if the covenantee is compelled to make the defense, or suffer a judgment by default, he should recover in an action on the covenant, as it is a contract of indemnity, what he has thus been compelled to pay out. *Id.* at 366.

The prior decisions of the Court notwithstanding, justice requires that the grantee get the full benefit of the grantor's warranty of title. When the grantor refuses to defend the title, after covenanting to "defend the title thereto against all lawful claims," the grantee must be allowed to recover from the grantor all reasonable expenses, including attorney's fees, in defending the title. As stated by the Idaho Supreme Court, "the issue is not one of attorney fees as such, but of damages for breach of the covenant of title which merely happen to be measured by attorney fees." *Koelker v. Turnbull,* 127 Idaho 262, 899 P.2d 972, 976 (1995). The attorney's fees which are recoverable as damages are reasonable fees directly related to defending the title. Those fees subsequently incurred by the grantee in enforcing the covenant against the grantor are not part of the damages sustained as the result of the breach of warranty. *Id.*

This Court adopts the majority rule that under a covenant to warrant and defend title the grantee may recover reasonable attorney's fees incurred in defending the title when the grantor had notice of the pendency of the action and refused to defend. *See, e.g., Smith v. Boynton Land & Lumber Co.,* 131 Ark. 22, 198 S.W. 107, 109 (1917); *Rieddle v. Buckner,* 629 N.E.2d 860, 864 (Ind.Ct. App.1994); *Wilson v. McGowand,* 192 Ky. 565, 234 S.W. 17, 18 (1921); *Espinoza v. Safeco Title Insurance Co.,* 598 P.2d 346, 348 (Utah 1979); *Booker T. Washington Construction & Design Co. v. Huntington Urban Renewal Authority,* 181 W.Va. 409, 383 S.E.2d 41, 46 (1989). Applying the rule to the present case, the Court finds that the Bains are entitled to recover from Valley View the attorney's fees and attorney expenses in the amount of $7,599.23 incurred by the Bains in defending the title.

Notwithstanding the allowance of attorney's fees as damages, the Court finds no basis for inclusion as damages $3,250.00 incurred by the Bains in preparing the property for development. Though viewed as damage to the property by the paramount title holder, the excavation work and removal of trees represented improvements to the property voluntarily made by the Bains. It is the general rule in Tennessee, as well as other jurisdictions, that the value of improvements made by the grantee on the property conveyed is not properly a part of the computation of damages for breach of a covenant of title. *King v. Anderson,* 618 S.W.2d 478, 484 (Tenn.Ct.App.1980); 6A Richard R. Powell, *Powell on Real Property* § 900[4], p. 81A–149 (1995). Accordingly, the Court of Appeals erred in awarding a judgment of $3,250.00 against Valley View for damage to the property caused by the Bains' development activity.

The judgment of the Court of Appeals allowing the Bains to recover from Valley View $3,250.00 for damage to the property is reversed. The judgment of the Court of Appeals denying the Bains the right to recover from Valley View $7,599.23 for attorney's fees and expenses in defending the title is also reversed.

The case is remanded to the trial court for such further proceedings as may be necessary.

Costs are taxed against the appellee, Valley View Lodge, Inc.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ, concur.