Judge Stites
delivered the opinion of the Court.
William Thomas, and Elizabeth his wife, conveyed, or attempted to convey, by deed to James Thomas for a valuable consideration, a tract of land belonging to the wife. The grantee paid for the land, took possession and afterwards sold it. Through several intermediate deeds, it came to George Thomas by conveyance from Garner. George Thomas bought it in good faith and for a valuable consideration, and made valuable improvements thereon. He sold a portion to Beall, and the remainder to Pace. Beall also improved. In the meantime William Thomas having died, it was ascertained by his widow, that according to the clerk’s certificate upon the original deed, she had not relinquished her fee, but only dower, in the land. Suit was brought by her against Beall and Pace, and a recovery of the land had.
Beall and Pace brought suit upon their covenants of warranty, against the representatives of George Thomas, their warrantor, and made Elizabeth Thomas a defendant; and the former claimed, in addition to the consideration money, the value of his improvements. The representatives of George Thomas answered, and in their answer claimed over against their co-defendant Elizabeth, the value of the improvements put upon the land by their ancestor George, whilst in possession. Upon their answer, *423 however, St does not appear that any process was issued, or served upon Elizabeth Thomas. She answered the petition of Beall, and submitted the question of her liability to the court, asking its protection, &c.
A commissioner was appointed to ascertain what improvements were put upon the land by George Thomas, and what by Beall, their value, and what •the land was enhanced in vendible value by reason of the improvements severally made by Thomas and Beall, and also the value of the rents from her husband’s death to the same time.
Upon the return of the report, a judgment was rendered in favor of the executor of George Thomas, deceased, against Mrs. Elizabeth Thomas, for $1,362 76, the reported enhancement of the vendible value of the land by reason of improvements put on it by George Thomas during his .life ; and the case as to Beall continued, to ascertain the value of rents for which he was chargeable.
Mrs. Thomas has appealed, and the question of the liability of a woman for improvements made upon her land in good faith by those who believed it theirs, and during her coverture, is, so far as we know, for the first time directly presented-in this court.
The disability of coverture, under which she labor-’ ed when the improvements were made, is the chief difficulty to be encountered in the solution of the question.
At common 'law the very being and existence of the wife was, in a legal sense, suspended during marriage, or at least incorporated and consolidated into that of the husband. The reasons upon which this principle was founded, were, not only the safety of the husband, in depriving her of the power to injure him by any act, without his concurrence or assent, express or implied, but her own security, in guarding against the husband’s influence over her, by disabling her from disposing of her own property, except by those methods, and with the solemnities, *424 which the law prescribes. (Roper on Husband and Wife, ml. 1 ,p. 2.) The benefits arising to the wife in consequence of this disability, are well illustrated in this case by the recovery of the land in question by the appellant, in consequence of the blunder of the clerk in failing to take a proper acknowledgment of, the deed to James Thomas.
1. Land' waa purchased by the husband which was the inheritance of the wife, conveyed by a deed by husband and wife to J. T., who afterwards conveyed to B.; but the first deed was not so a c k n owledged as to pass the wife’s right. It was sold to a sub-purchaser, and improved byhimjafterthe death of the hus band the wife sued for and recovered the lands which had been improved by the purchasers: Held, that for improvements by which the vendible value of the land was increased, the widow was in equity bound to account, deducting the value of the rents accruing from the death of the husband. (Bell vs. Barlow, 1 Marshall, 246.) The principle is laid down in Bell vs. Barnett, 2 J. J. Mar., 516, that one who acquires title to land, bona fide, and enters upon and improves it, sup posing it to be his own, is entitled to compen sation for improvements.— The second purchaser in this case was not presumed to have known the defect in the certiflcateof acknowledgement.
*424 But although a feme covert is incapable of imposing a charge upon her property, or of disposing of it except in the mode and with the solemnities prescribed by law,-it does not result that she is exempt, after the removal of the disability of coverture, from that principle of equity which secures to innocent and bona fide oceupants of land the- value oflasting, improvements, made whilst in possession and believing it their own. The principle is alike applicable to all, and no discrimination is made, or ought to be, exempting any from its operation.,
In Barlow vs. Bell, 1 Marsh., 246, the appellant had purchased the wife’s land of the agent of the husband : after the death of the latter he was evicted by the wife, and sued her for his improvements made whilst in possession, it appeared, however, that he had full notice of the wife’s rights when he purchased, and was apprised of the consequences if he did purchase, and relief was refused him in the court below, and here, on that ground. This court in that case say: “As the labor bestowed on the land is sunk in the land, and was not done at the appellee’s request, it is plain that sbe cannot upon any common law proceeding be subjected to the appellant’s claim for compensation. Nor have we been able to find any adjudged case, where the English courts of equity have, under such circumstances, decided upon the right to compensation. But regarding courts of equity in supplying tbe defects of the common law, as being governed by the principles of natural justice, in tbe absence of all precedent we should have no hesitation in relieving tbe possessor for improvements made upon *425 the land whilst he bonajfoieconsidered it his own. The possessor, by bestowing his money and labor in meliorating the land, advances its value, and consequently the rightful owner, unless liable'to the claim of compensation, is so much gainer by the loss of the possessor, contrary to the maxim nemo debit locufiletari alienee jactara.”
2. The liability in such case is to be measured by the increase in the vendible value of the land when recovered, arising from improvements.
“It is not enough,” the court continues to sa,y, “that the possessor shows himself to have meliorated the land, but his money and labor must be bestowed under an honest conviction of his being the rightful owner of the land. If he takes possession without title, and knowing the land to belong to another, he is himself guilty of a wrong, and his claim for compensation ought not to be sanctioned.”
In Bell’s heirs vs. Barnett, 2 J. J. Marshall, 516, the principle is laid down, broadly, that a person acquiring title to land, and entering it bona fide, supposing it to bet his own, must be paid for his improvement. And the same general doctrine is recognized throughout the books.
George Thomas and his vendee, Beall, occupy in this case a position that entitles them to the favorable consideration of a court of equity. They were certainly bona fide purchasers for value, and the fact that the defective certificate of acknowledgment to the deed of 1824 was of record, should not, by construction, and for the purpose of cutting off their equity, be regarded as affecting them with notice of her right to the land. An immediate vendee might be thus affected, but not so with remote vendees paying full consideration for what they innocently, though erroneously, regarded an absolute estate in the land.
The appellee occupying, then, the attitude of a person acquiring land and entering upon it in good faith, we can perceive no valid reason why he should not be paid for his improvements, at least to the extent that he increased the vendible value of the land at the- *426 time of the recovery. And we are of opinion, that to that amount Mrs. Thomas is liable.
3. Upon an •answer by our defendant a gainst another, being made a cross petition a-defendant"°process is necessary before decree.
It does not appear with certainty from the decree directing the assessment of the increase of the vendibie value of the land by the improvements, at what ftme ft was estimated. Whether when they were " made, or when the recovery was had. The liability should be measured by the increase of the vendible va]ue when recovered. The improvements were ^ only valuable to the appellant then, and it was then she became liable. This should be determined by ascertaining the value of the land at that time, with, and without the improvements, and apportioning the difference in such values between Beall and Thomas’ representatives, according to the respective value ■of their improvements at such time. Beall to be held liable for rents accruing since the death of appellant’s husband up to the time of recovery, as directed by the circuit court. ,
In failing to point out with certainty,; the period when the assessment of the increase of the vendible value of the land should be made, the decree is deemed erroneous. It is likewise erroneous, because no process was awarded or served upon the appellant, upon the answer of Thomas’ representatives. This was requisite before the judgment in their favor against a co-defendant could have been rendered.
Wherefore, the judgment is reversed, and cause remanded, that the same be set aside, and the cause again referred to a commissioner, with directions to report as herein indicated, and for a judgment upon such'report, and other necessary and equitable orders not inconsistent herewith.