## Strunks Lane & Jellico Mountain Coal & Coke Co. v. Anderson et al.

May 2, 1944.

W. N. Flippin for appellant.

George W. Stephens and J. E. Stephens for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming in part and reversing in part.

The opinion on the first appeal appears under the same style in 276 Ky. 576, 124 S. W. 2d 779, to which the reader is referred for a statement of the controversy involved. Because we considered the evidence for all the parties to be too vague and uncertain for final determination, the case was remanded with directions that the parties be given an opportunity to introduce further evidence, which was done. The titles to several tracts of land are involved, each of which is separately claimed by the various appellees, and all of which are claimed by appellant. The tract claimed by Mrs. General Strunk and the unknown heirs at law of General Strunk, deceased, is not involved on this appeal; both parties conceding the judgment to be correct in so far as it affects the property in controversy between them. We are asked to determine the soundness of the Chancellor's decree in respect to two tracts of land claimed by Cinda Anderson; one tract claimed by Nellie E. Anderson; one tract claimed by Cal Strunk; and one tract claimed by L. C. Anderson, the latter and his wife having been

made parties defendant after remand of the case after the first appeal.

Upon remand of the case, Cinda Anderson and her husband, J. C. Anderson, filed an amended answer, in which they prayed recovery for improvements placed upon the land claimed by them, in the event it should be determined that they were not the owners thereof. A similar pleading was filed by Nellie Anderson and her husband, B. H. Anderson. L. C. Anderson, the newly named defendant, filed answer setting up claim to one and one-half acres of land within the exterior boundaries of the land claimed by appellant, by reason of purchase from his mother, Cinda Anderson, and which is a part of the fourteen and one-half acre tract originally claimed by the latter. He pleaded, and proved, that he had placed improvements on the land claimed by him, and asked that he be permitted to recover for such improvements in the event it should be determined that he does not have title to the land.

The Chancellor adjudged Cinda Anderson to be the owner, and entitled to the possession, of a tract of land containing less than one acre, declaring in the judgment that appellant admitted the Andersons' ownership of this small boundary. We see nothing in the record to justify the conclusion that appellant admits such ownership. The claim of ownership was denied by the pleadings, and the same proof was offered in respect to this tract as was offered in respect to the fourteen and one-half acre tract it was adjudged by the Chancellor is owned by appellant. Both tracts were claimed by the Andersons by virtue of a deed from L. E. Bryant and his wife, and no additional evidence was offered in support of their title to the property than was before this court on the original appeal, and which was held to be insufficient to support the claim of the Andersons. On the other hand, appellant, on return of the case, traced its title to a patent from the Commonwealth' registered in December, 1857. It is obvious that the court erred in concluding Cinda Anderson was the owner of the tract of land containing less than one acre, and that he correctly concluded that appellant was the owner of the fourteen and one-half acre tract claimed by her and her son, L. C. Anderson, whose title must stand or fall with that of his mother who deeded the property to him in the year 1930. J. C. Anderson purchased the fourteen

and one-half acre tract and caused the deed to be made in his wife's name in the year 1924. He immediately cleared the land, erected fences and buildings, and planted fruit trees thereon; all of which was completed in the year 1925 and which, according to the evidence introduced by him, enhanced the value of the property in excess of $1,500. The court adjudged that such improvements were made at a time when J. C. Anderson and his wife believed, in good faith, that the latter had good title to the property; he therefore awarded them judgment in the sum of $1,400 in recompense for the improvements made. Counsel for appellant seems to concede that the established law in this jurisdiction is, that a bona fide purchaser of land, believing himself to have good title, is entitled to compensation from the real owner for improvements made upon the land, to the extent that such improvements enhance the value of the land; and to secure the payment of such recovery, the good faith purchaser may have a lien upon the land improved. Leonard v. Williams, 220 Ky. 413, 295 S. W. 408. But it is contended that the improvements were not made in good faith and that, since the title to the land was in Cinda Anderson and J. C. Anderson made the improvements, neither is entitled to recover on the enhancement in value of the property. This contention cannot be upheld. The property was originally purchased by J. C. Anderson, who presented it to his wife as a gift. He had the right, likewise, to present his wife with the money with which to make the improvements, and his placing the improvements on the property amounted to no more than that. The evidence of good faith in making the improvements is conclusively favorable to the Andersons. It seems that the Bryants were the true owners of some property within the three hundred seventeen acre boundary claimed by appellant; and the Andersons' testimony that they did not know of appellant's claim until the year 1928, three years after the improvements were made, is uncontradicted. Counsel for appellant contend that the evidence does not support the amount of the award for the improvements; but we are of the opinion it does. There is direct testimony to the effect that the value of the property has been enhanced by the improvements in excess of $1,500. It is claimed that the evidence does not show whether the improvements were made on the boundary containing less than one acre, or that containing fourteen and one-half acres; but there is no

basis for this contention. The evidence of J. C. Anderson shows conclusively that all the improvements were made on the fourteen and one-half acre tract. The court, therefore correctly awarded the judgment in favor of Cinda Anderson, and correctly adjudged a lien on the property to secure its payment. And appellant cannot complain because the judgment rendered was in favor of J. C. and Cinda Anderson jointly. It owes the money, and satisfaction will be accorded upon payment to Cinda Anderson, who alone can, but does not, complain of J. C. Anderson's right to recover jointly with her.

The judgment in favor of L. C. Anderson, for improvements made to the one and one-half acres purchased by him from his mother in the year 1930, is erroneous. In Hurley v. Hackney, 202 Ky. 452, 260 S. W. 16, 17, the court said:

"As to ameliorations, our court has been quite liberal in favor of innocent purchasers and persons holding under a bona fide claim of right in allowing compensation for the enhanced value of real estate arising from the construction of lasting and valuable improvements. Darnell v. Jones' Ex'rs, 72 S. W. 1108, 24 Ky. Law Rep. [2090], 2093; Thomas v. Thomas' Ex'r, 16 B. Mon. 420; Floyd v. Mackey [112 Ky. 646], 66 S. W. 518, 23 Ky. Law Rep. 2030; Bell's Heirs v. Barnet, 2 J. J. Marsh. 516. On the other hand, it is well settled that a claimant of real estate may not recover from the rightful owner for improvements made with actual notice of the others' superior claim. Loeb et al. v. Conley et al., 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49."

An agent of appellant notified J. C. Anderson and Cinda Anderson of appellant's superior title in the year 1928. L. C. Anderson was present when this conversation took place; that being true, the improvements placed upon the property two years after being apprised of appellant's claim were not made in good faith. Being warned that his title was in question, he made the improvements at his own risk, and the chancellor erred in awarding him judgment for any enhancement to the value of the land.

Nellie E. Anderson and her husband traced their title to a patent from the commonwealth, issued in August, 1856. The chain of title is unbroken; the Court, therefore, properly adjudged Nellie Anderson's title to

be superior to that of appellant, which was traced to a junior patent issued in the year 1857.

There remains for determination the soundness of the chancellor's decision in respect to the land claimed by Cal Strunk adjacent to his two acre tract, and which is claimed under his plea of adverse possession. The evidence introduced by Strunk on the second trial was sufficient, in supplementation of the original record, to support the decision of the chancellor that Strunk's possession of the property has ripened into title. It was clearly shown that the property in dispute has been fenced in with Strunk's two acre tract for a period of time in excess of twenty-eight years, and is not a part of the land he fenced with the permission of appellant, and which was referred to in the opinion on the first appeal. It was additionally shown that, for that entire period of time, Strunk has been holding and claiming the land adversely, openly, notoriously, and continuously, and has used it for pasturing and general farming purposes. Coffey Cordell filed a map of the land showing its exact location, with metes and bounds description. There is evidence that Strunk fenced some land of appellant with permission; but it is clearly shown that the land so fenced is without the boundary adjudged to be owned by Strunk by decree of the Chancellor.

Wherefore, the judgment in favor of Cinda Anderson against appellant, in respect to the ownership of the tract containing less than one acre of land, and in favor of L. C. Anderson against appellant for improvements placed upon the one and one-half acre tract of lard he purchased from his mother, is reversed. In all other respects, it is affirmed.