## FRAZIER v. FRAZIER.

Court of Appeals of Kentucky.

Feb. 5, 1954.

Helton & Helton, Pineville, for appellant.

J. J. Tye, Barbourville, for appellee.

SIMS, Chief Justice.

As the principal parties of this action have the same surnames, to save time and space we will refer to them usually by their given names.

On July 14, 1947, Joe Fuson and wife conveyed jointly to Newt Frazier and Alice Frazier, his sister-in-law, in consideration of $200 cash in hand paid, a 2-acre vacant lot located in a rural section of Bell County, which fronted 200 feet on a highway and ran back 440 feet between parallel lines. The proof shows that it was agreed between the grantees that they would partition the lot between themselves, Alice taking the west half fronting 100 feet on the highway and Newt taking the east half.

No partition was actually made of the lot and Alice, thinking that she was building on the half of the lot she was to get, erected

thereon at a cost of about $1,000 a 4-room box house, which was completed about the middle of August 1947. The record conclusively shows she erected this house some 100 feet west of her line on another lot owned solely by Newt. Alice lived in the house until Thanksgiving day 1947 and then rented it to Newt, who occupied the house until September 1950. In January 1952, Alice filed a petition in equity against Newt and his wife asking a partition of the lot and that she be allotted the west half upon which she erected the house. Her pleading averred that Newt not only agreed she should have the lot on which she erected her house but that he stood by and acquiesced in her building same and he is now estopped to set up any claim to the house. Alice sought to recover certain rents from George Shelton, who occupied the house as a tenant.

The answer denied the house was built on the lot jointly owned by Newt and Alice or that Newt stood by and watched her build the house on his land. Newt's answer asked that the 2-acre lot be partitioned between Alice and himself.

Considerable proof was taken by depositions and the chancellor adjudged that the 2-acre lot be apportioned between Newt and Alice and that she be given the one-half of same upon which her house is located.

In seeking to reverse the judgment, Newt insists that the chancellor erred: 1. In his finding of fact that the house was located on the 2-acre lot; 2. Alice did not exercise due diligence and good faith in constructing the house on an adjoining lot of which he was the sole owner; 3. Alice's remedy, if any, is to institute a separate suit to recover the value of the enhancement of the land by reason of the improvement.

The proof without contradiction shows that Alice constructed her house something like 100 feet west of the west line of the 2-acre lot and that it was built on a large lot Newt was then negotiating to, and did, purchase before the house was completed. This second lot fronted 400 feet on the highway, was about 200 feet deep and was immediately adjacent to the half of the 2-acre lot which Alice claims. Therefore, the chancellor's judgment is meaningless when he directs that Alice be allotted the half of the 2-acre lot upon which she built the house, since the house was not erected on her half of this 2-acre lot. There was no fence dividing this 2-acre lot from the adjoining lot on the west purchased by Newt and upon which Alice built her house. The proof conclusively shows that Alice thought she was erecting the house on the part of the 2-acre lot which she and Newt had agreed would be deeded to her. Also, it shows she acted in good faith under color of the deed she and Newt held to the 2-acre lot and that she used due diligence in attempting to locate the building site on her lot. Newt stood idly by and saw his sister-in-law, Alice, build the house on his lot. Furthermore, he testified that he designated where the house would be erected. Clearly such conduct upon Newt's part estops him from denying that Alice is entitled to recover from him the amount the house enhanced the value of his lot. Kelly v. Kelly, 293 Ky. 42, 168 S.W.2d 339, 148 A.L.R. 331.

The familiar rule is that one who, in good faith, believing herself to be the actual owner of the land, erects a building on the land of another may recover from the true owner not the cost of the building but only the amount by which the improvement has enhanced the value of the land, not exceeding the cost of the building, which shall be secured by a lien on the land. Combs v. Deaton, 199 Ky. 477, 251 S.W. 638; Strunks Lane & Jellico Mountain Coal & Coke Co. v. Anderson, 297 Ky. 578, 180 S.W.2d 385.

Newt admits this is the correct measure of damages in this case but insists Alice cannot recover such damages in this action but must institute a separate suit. We think not. Alice brought this action in equity for a partition of the land thinking her house was on that part of the lot the evidence shows she was to have, and the

prayer of her petition sought "all legal and equitable relief to which she may be entitled." The proof shows her house was not on her property but on Newt's, and certainly the doctrine applies here, that once equity assumes jurisdiction it will grant complete relief consistent with the entire proceeding, especially where the petition contains a general prayer for all equitable and proper relief. Swaim v. Martin, 302 Ky. 381, 194 S.W.2d 855; Turner v. Givens, 272 Ky. 211, 113 S.W.2d 1166. But Alice cannot maintain her claim for rent against Shelton as she is not the owner of the house she erected.

Newt attempted to prove that Alice never paid any part of the consideration of the 2-acre lot and had no interest therein, yet he was unable to explain why the title was taken in their joint names. It is worthy of mention that in his answer Newt asked a partition of this lot between himself and Alice, and it is most unusual for one to ask property to be divided between himself and one claiming half thereof when he denies title of the latter person. Also, Newt attempted to show that he and not Alice paid the cost of building the house. We agree with the conclusion reached by the chancellor that Newt failed to prove this fact. Alice by clear and convincing evidence showed she furnished all the money which went into the house, and that some lumber furnished by Newt was in payment of a debt of $165 he owed her.

This case is not in conflict with Martin v. Gayheart, this day decided, as Gayheart had a deed to the land in controversy although it did not convey him title superior to that of Martin. Here, Alice had no deed to the lot on which she built but both she and Newt in good faith thought it was covered by the deed they jointly held.

The judgment is reversed for the reasons given. Upon a return of the case Alice will be allowed to amend her petition setting out her claim for a lien against the lot upon which the house stands in the amount the improvements she made on this lot enhanced its value. The parties will be permitted to take such proof on this issue as they may desire. Of course, the chancellor will apportion the 2-acre lot between Newt and Alice.

The judgment is reversed.