Sam **BRYANT** et al., Appellants,

v.

Willard Wray **ENGLE** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 26, 1960.

Rehearing Denied June 17, 1960.

Barney W. Baker, Hazard, for appellants.

William Melton, Hazard, for appellees.

MONTGOMERY, Chief Justice.

Jerry Engle died intestate in 1937, leaving surviving him as his widow, Rosa, and as his only heir at law an infant son, Willard. At his death, Jerry owned the one-acre tract of land involved here.

Rosa married Ike Noble about two years later. On March 28, 1940, Rosa, for herself and as guardian for Willard, together with Ike, her husband, executed a deed purporting to convey the land to Cash Pitts with covenant of general warranty. The sources of title recited are a conveyance to Jerry Engle and an affidavit of descent, referred to in the deed, showing inheritance from Jerry. The deed to Pitts and affidavit were recorded February 22, 1941. It is conceded that this deed is void for failure to comply with Carroll's Kentucky Statutes Section 2150a in so far as it sought to convey any interest of Willard, the infant.

In 1948, Pitts and his wife conveyed part of the land to Sam and Pauline Bryant. In 1949, Pitts conveyed the remainder to one Marion Allen. By two deeds in 1950 and 1951, Allen and his wife conveyed to the Bryants. Each deed contained a covenant of general warranty. Between 1948 and 1953, the Bryants expended $9,243.88 in improvements on the land.

Upon attaining his majority, Willard Wray Engle sued the Bryants, appellants, to recover his interest in the property.

The Bryants answered, and by cross complaint joined Ike and Rosa Noble and Cash and Bertie Pitts, asking that the Bryants be declared the owners of the land, and if not, that they recover the enhanced vendible value caused by their improvements on the property, with a lien to secure the payment of same. They also sought recovery of the sum of $65 from Ike and Rosa (paid them by Cash Pitts for the property in 1940) and $800 from the Pitts (the amount paid by the Bryants). The Bryants were denied all relief except they were adjudged to be the owners of Rosa's dower interest. The Allens are not parties to this action.

Aside from the constructive notice afforded by the recorded affidavit of descent, there was testimony to the effect that appellants had actual notice of the defective title. Appellants denied such notice. The Chancellor found adversely to appellants on this issue. Without detailing the conflicting testimony on this point, it is enough to say that there was sufficient probative evidence to support the Chancellor's finding. CR 52.01.

In order to recover for the enhanced value of land by reason of improvements placed on the lands of another, there must be a showing of good faith. Frazier v. Frazier, Ky., 264 S.W.2d 665, 57 A.L.R.2d 260. Actual notice of the faulty title, as found by the Chancellor, is sufficient to constitute lack of good faith and to defeat a claim for the value of improvements. Loeb v. Conley, 160 Ky. 91, 169 S.W. 575, Ann.Cas.1916B, 49; Strunks Lane & Jellico Mountain Coal & Coke Co. v. Anderson, 297 Ky. 578, 180 S.W.2d 385. The actual notice, however, does not defeat an action for breach of warranty. Berry v. Crisp, Ky., 247 S.W.2d 384; Haas v. Gahlinger, Ky., 248 S.W.2d 349. Accordingly, appellants are entitled to recover damages from their grantors for breach of covenant of general warranty.

The judgment is reversed as to the right to recover for breach of the covenant and affirmed in all other respects.